UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 JAN 29 AM 8: 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

LAURA GUNN,        )
                   )
    Plaintiff,     )
                   )
vs.                )    Civil Action No. CV-03-S-357-NE
                   )
TARGET CORPORATION,)
                   )
    Defendant.     )

## MEMORANDUM OPINION

This action is before the court on the following motions: (i) the motion filed by defendant Target Corporation ("Target") for a protective order (doc. no. 18); (ii) plaintiff's motion filed pursuant to Federal Rule of Civil Procedure 37 (doc. no. 23); (iii) plaintiff's supplemental motion pursuant to Rule 37 (doc. no. 28); (iv) defendant's second motion for protective order (doc. no. 24); (v) plaintiff's motion to extend discovery deadlines (doc. no. 27); (vi) plaintiff's renewed motion to extend discovery deadlines (doc. no. 36); and (vii) defendant's response to plaintiff's request for extension of discovery and motion to extend deadline for filing dispositive motions (doc. no. 35).

Oral argument was held on the first five motions on December 23, 2003. At the conclusion of argument, the court directed Target to submit evidence in affidavit form confirming counsel's representation that daily productivity data was maintained only for forty-five days, and to provide an explanation therefor. The court further directed Target to submit weekly productivity data for all of its probationary employees who were supervised

by the same employee as plaintiff for the period January 1 through December 31, 2002. Discovery, which was to have been concluded by December 29, 2003, was held in abeyance pending Target's submission.

In accordance with the court's directive, Target submitted the affidavit of Kevin Vareberg, its Business User Consultant for the Distribution Performance Measures, who stated the following:

> 5. Warehouse Workers, who work in Inbound or Receiving, at Target's Distribution Centers like the Distribution Center in Madison, Alabama work using TelXons. These hand-held machines record the freight that the Warehouse Workers unload each shift based on their time logged in with their unique user IDs. The TelXons transmit information to our production system. IRS [*i.e.*, the Information Reporting System] obtains data from the production system through special jobs that query what was done, when, and by whom. It is from this information that a Warehouse Worker's productivity is tracked.
>
> 6. Target does not maintain daily productivity beyond 45 days because the database used to store the information does not have the capacity to do so from a storage space perspective. Also, the technology used in IRS is 8 years old. I will use an example to try to explain this. Internet Service Providers such as Yahoo will allow a home user a defined amount of space for their personal e-mail account. When the user reaches this defined amount of space, they can no longer receive new e-mails until they delete some of their older messages. Additionally, many companies have systems in place that automatically purge older e-mails to create additional space for new e-mails. It is for storage reasons like the above examples that Target does not maintain daily productivity reports.[1]

Mr. Vareberg also explained that daily productivity data was not retained because Target's employees are not held accountable for their performance on a daily basis, and because

---

[1] Doc. no. 32 (Defendant's Submission in Response to Court's Order at December 23, 2003 Hearing), ex. A, at ¶¶ 5 & 6.

Target historically has reported performance and financial information on a weekly, rather than daily, basis.[2]

Target also submitted productivity data for "Warehouse Workers in Receiving Supervised by Mark Wagner who were in Probationary Period from 1/1/02 - 12/31/02 working on the same shirt [sic] as Laura Gunn."[3] Following receipt of the additional evidence, plaintiff filed a renewed motion to extend discovery deadlines, seeking a sixty-day extension, and requesting that the court order Target to produce the employment files of all probationary employees who worked on the same shift as plaintiff for the time period January 1 through December 30, 2002,[4] and to produce deponents at plaintiff's counsel's office in Birmingham, Alabama.[5]

Target filed a response to plaintiff's motion stating that

> [a]s recently as Friday, January 23, 2004, plaintiff has filed another motion regarding discovery in this case. It is apparent to defendant that based on plaintiff's most recent filing that there are a number of discovery disputes that the parties could possibly resolve without the court's intervention. In an effort to attempt to conciliate the parties' discovery disputes, defendant <u>does not oppose</u> plaintiff's request to extend the time for discovery in this case by 60 days.[6]

Target also asks that the deadline for filing dispositive motions be extended thirty days

---

[2] *Id.* ¶ 7.

[3] *Id.*, ex. B.

[4] Plaintiff was employed by Target only during the period of March 11, 2002 through May 24, 2002.

[5] Doc. no. 36.

[6] Doc. no. 35 (Defendant's Response to Request for Extension of Discovery and Motion to Extend Deadline for Filing Dispositive Motions), at ¶ 4 (underscored text in original).

beyond the date discovery is to be concluded.[7]

Upon consideration of Target's evidentiary submission and the parties' pleadings, the court concludes that extension of the discovery period is warranted, and plaintiff's request for an additional sixty days is due to be granted. Likewise, Target's request to extend the deadline for filing dispositive motions is due to be granted. Additionally, plaintiff's requests for documents relating to the creation or interpretation of "After the Fact Productivity" reports, graphs and charts relating to individual probationary employees during the time period January 1 through December 31, 2002, and employment files of those employees, appear to be reasonably calculated to lead to the discovery of admissible evidence. Accordingly, production of such documents will be ordered.

Based on the foregoing, the remainder of the pending motions, with the exception of Target's first motion for protective order, which is discussed below, appear to have been rendered moot.

Target has moved the court for a protective order to prevent plaintiff's counsel from "engaging in the abusive behavior and unprofessional conduct exhibited at the deposition of plaintiff in future depositions in this case."[8] Target contends that, during plaintiff's deposition, plaintiff's counsel spoke in a loud, abusive tone, and acted in a disruptive manner. Plaintiff's counsel disputes Target's account, and states that he wears hearing aids,

---

[7]*Id.*
[8]Doc. no. 18, at 1.

4

and it is difficult for him to judge the volume of his voice.[9]

The court is disappointed in the conduct of all counsel during the course of this litigation, as demonstrated by the numerous, and voluminous, motions relating to discovery disputes. The court reiterates its comments at the conclusion of oral argument:

> I admonish all of you to go hence and sin no more. But if you continue to engage in the same disputes with one another, be forewarned that I will, on my own, impose sanctions.
>
> I remember imposing a sanction of the entry of default on the issue of liability against a corporate entity that had abused discovery, and set the case for trial to a jury on the issue of the amount of damages. That was worth a minimum of $2.6 million. That was the bottom line estimate on damages. So that applies to the defendant's side. I have also dismissed actions with prejudice for abuse of discovery by plaintiffs.[10]

Based on the record, the court concludes that Target's motion for a protective order is due to be granted to the extent that *all counsel* are obligated to "demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials." *Ala. Rules of Prof'l Conduct*, Preamble (1991).

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 28th day of January, 2004.

_____
United States District Judge

---

[9] Doc. no. 21 (Plaintiff's Response to Defendant Target's Motion for Protective Order), at 3.
[10] Doc. no. 34 (transcript of oral argument), at 24.

5