UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

LAURA GUNN,                          )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        Civil Action No. CV-03-S-357-NE
                                     )
TARGET CORPORATION,                  )
                                     )
        Defendant.                   )

## MEMORANDUM OPINION

Plaintiff, Laura Gunn, asserts claims under Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967,

29 U.S.C. § 621 *et seq.*, and the Alabama Age Discrimination Act, Ala. Code § 25-1-20 *et*

*seq.* (1975) (2000 Replacement Vol.).

The action is before the court on the motion of defendant, Target Corporation, seeking

dismissal of plaintiff's state law age discrimination claim.  Defendant contends that the

applicable statute of limitations bars plaintiff's state law claim, because she filed this action

more than 180 days following the date on which she was discharged by defendant.  The

resolution of this issue requires the court to first examine the interplay between the Age

Discrimination in Employment Act of 1967 and the Alabama Age Discrimination Act, which

was derived from the federal Act.

## I. AGE DISCRIMINATION IN EMPLOYMENT ACT

Congress enacted the Age Discrimination in Employment Act ("ADEA") during 1967

for the stated purposes of "promot[ing] employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b); *see also, e.g., Equal Employment Opportunity Commission. v. Chrysler Corp.*, 759 F.2d 1523, 1524 (11th Cir. 1985) ("Congress passed the ADEA in 1967 to protect older workers against discrimination in the workplace."). The Act makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The protections of the ADEA extend to those individuals who "are at least 40 years of age but less than 70 years of age." 29 U.S.C. § 621(a).

With some notable exceptions, such as the categories of damages that may be awarded prevailing plaintiffs,[1] the key provisions of the ADEA and Title VII of the Civil Rights Act of 1964 are transparencies. For example, the language of ADEA sections 623(a)(1) and (a)(2) is virtually identical to the text of corollary provisions in Title VII. *Compare* 29 U.S.C. §§ 623(a)(1), (2)[2] *with* 42 U.S.C. §§ 2000e–2(a)(1), (2).[3] Such equalities have led

---

[1] Also *compare, e.g.,* 42 U.S.C. § 2000e-5(b) (directing EEOC to attempt to remedy discrimination through conciliation, but expressly barring statements made in such administrative proceedings from later admission into evidence at trial) *with* 29 U.S.C. § 626(b) (also directing EEOC to attempt conciliation, but containing no provision regarding admissibility of statements or writings submitted during administrative process). *See also Maschka v. Genuine Parts Co.*, 122 F.3d 566 (8th Cir. 1997) (discussing admissibility of employer's position statement in trial of ADEA claim).

[2] 29 U.S.C. §§ 623(a) provides in relevant part that it shall be unlawful for an employer:

   (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate

courts to conclude that the purposes of the two statutory schemes are synonymous.

> The ADEA and Title VII are parallel statutes. . . . This Court would have to strain its interpretation of the language in section 623(a)(2) [of the ADEA] to find that Congress did not intend it to operate in the same manner and to serve the same purposes as section 703(a)(2) of Title VII [*i.e.*, 42 U.S.C. § 2000e-2(a)(2)].

*Arnold v. United States Postal Service*, 649 F. Supp. 676, 680 (D. D.C. 1986) (Richey, J.)

(citations omitted) (holding that disparate impact analysis developed under Title VII was

applicable to action under ADEA).

Prior to 1991, the ADEA expressly incorporated the statute of limitations found in the

Portal-to-Portal Act, 29 U.S.C. § 255 — that is, a two-year limitations period for non-willful

violations and a three-year limitations period for willful violations.[4]   *See Powell v.*

---

against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *age*;

     (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's *age*; . . . . [Emphasis supplied.]

[3] 42 U.S.C. § 2000e-2(a) provides that it shall be an unlawful employment practice for an employer:

     (1) to fail or refuse to hire or to discharge any individual, or otherwise *to* discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race, color, religion, sex, or national origin; or*

     (2) to limit, segregate, or classify his employees *or applicants for employment* in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's *race, color, religion, sex, or national origin*. [Emphasis added to differences in statutory language and punctuation.]

[4] 29 U.S.C. § 255 provides:

     Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the

*Southwestern Bell Telephone Co.*, 494 F.2d 485, 487 (5th Cir. 1974).

Before commencing a civil action within those periods, however, the ADEA required

an aggrieved individual to provide "notice" to the Secretary of Labor of his or her intent to

file a lawsuit within 180 days of the alleged unlawful employment practice. In addition, the

aggrieved individual was required to wait at least sixty days after giving notice before

instituting suit, in order to allow the Secretary of Labor a reasonable opportunity to mediate

and conciliate the claim.[5]

---

Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 *et seq.*], the Walsh-Healey Act [41 U.S.C. § 35 *et seq.*], or the Bacon-Davis Act [40 U.S.C. § 276a *et seq.*]—

(a) if the cause of action accrues on or after May 14, 1947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;

(b) if the cause of action accrued prior to May 14, 1947 — may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c) of this section, every such action shall be forever barred unless commenced within the shorter of such two periods;

(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) of this section if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations;

(d) with respect to any cause of action brought under section 216(b) of this title against a State or a political subdivision of a State in a district court of the United States on or before April 18, 1973, the running of the statutory periods of limitation shall be deemed suspended during the period beginning with the commencement of any such action and ending one hundred and eighty days after the effective date of the Fair Labor Standards Amendments of 1974, except that such suspension shall not be applicable if in such action judgment has been entered for the defendant on the grounds other than State immunity from Federal jurisdiction.

[5] As originally enacted 29 U.S.C. § 626(b) provided, in pertinent part, that:

4

The former Fifth Circuit rejected an argument that the 180-day administrative notice and sixty-day conciliation periods were inconsistent with a two- (or three-) year statute of limitations, saying:

> It is logical that the 180 day notice was intended to insure that potential defendants would become aware of their status and the possibility of litigation reasonably soon after the alleged discrimination since the notice goes from the Secretary of Labor on to the employer involved. In turn this would promote the good faith negotiation of employers during the 60 day conciliation period and provide an opportunity for preservation of evidence and records for use at trial necessitated by failure of negotiation. It does not, as appellant asserts on brief, "force a claimant to the courthouse while the Secretary, the employee and the employer are still in the process of mediating the dispute." Rather, it gives notice to concerned parties that the plaintiff intends to sue and may do so within the applicable two or three year statute of limitations.

*Powell*, 494 F.2d at 488.

The ADEA was amended in 1978 by Public Law Number 95-256. Among other revisions, section 4(c)(1) amended section 7(e) of the ADEA, 29 U.S.C. § 626(e), designating the existing paragraph as subsection (1), and adding subsection (2), which read as follows:

For the period during which the Secretary [of Labor] is attempting to affect

---

No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' *notice* of an intent to file such action. Such *notice* shall be filed —

(1) within one hundred and eighty days after the alleged unlawful practice occurred

. . . .

29 U.S.C. § 626(b) (emphasis supplied). The ADEA was amended in 1978 to substitute reference to the filing of a "charge" alleging unlawful discrimination with the Secretary of Labor for references to the filing of a "*notice* of an intent to file" suit. *See* Pub. L. No. 95-256, § 4(b)(1). The applicable administrative filing and conciliation periods — *i.e.*, 180 days (300 days in so-called "deferral states") and 60 days, respectively — were not altered.

compliance with requirements of this Act through informal methods of conciliation, conference, and persuasion pursuant to subsection (b), the statute of limitations as provided in section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255, shall be tolled, but in no event for a period in excess of one year.

Thereafter, the administrative functions of the Secretary of Labor under the ADEA were transferred to the Equal Employment Opportunity Commission in 1979 by the so-called "1978 Reorganization Plan No. 1." *See Oscar Meyer & Co. v. Evans*, 441 U.S. 750, 764 n.11, 99 S. Ct. 2066, 2075 n.11, 60 L. Ed. 2d 609 (1979); *see also, e.g.,* 29 U.S.C. § 626(a).[6]

The Civil Rights Act of 1991 further modified the ADEA's conciliation period by aligning it with those applicable to Title VII of the Civil Rights Act of 1964. Thus, in addition to the requirement that a charge of age discrimination be filed with the EEOC within 180 days (or 300 days in so-called "deferral states") of the alleged unlawful employment action, an aggrieved individual now may commence a civil action bottomed upon the ADEA *no earlier than* sixty days after filing the EEOC charge, *but no later than* ninety days after the EEOC dismisses the charge, or terminates its investigation, and issues to the complainant a notice of right to sue. Section 115 of the Civil Rights Act of 1991 struck the reference in section 7(e) of the ADEA, 29 U.S.C. § 626(e), to the two- and three-year statutes of limitations found in the Portal-to-Portal Act, 29 U.S.C. § 255, as well as the subsection added by the Age Discrimination in Employment Act Amendments of 1978, Pub. L. No. 95-256, 92 Stat. 189 (1978). *See* Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071

---

[6] That provision reads: "The Equal Employment Opportunity Commission shall have the power to make investigations and require the keeping of records necessary or appropriate for the administration of this chapter in accordance with the powers and procedures provided in sections 209 and 211 of this title." 29 U.S.C. § 626(a).

(1991).  The relevant statutory provisions presently read as follows:

> **(d) Filing of charge with commission; timeliness; conciliation, conference, and persuasion**
> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.  Such a charge shall be filed —
>
> > (1) within 180 days after the alleged unlawful practice occurred; or
> >
> > (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.
>
> **(e) Reliance on administrative rulings; notice of dismissal or termination; civil action after receipt of notice**
> Section 259 of this title shall apply to actions under this chapter.  If a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved.  A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice.

29 U.S.C. § 626(d), (e).

While the requirement that a charge alleging age discrimination be filed with the EEOC within 180 days of the alleged, unlawful employment action is not a *jurisdictional* prerequisite to suit in federal court, *cf. Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234 (1982), the requirement, nevertheless, is an

administrative *condition precedent* to maintenance of an ADEA action, and the plaintiff

bears the burden of proving that the condition has been satisfied when challenged by the

defendant. *See, e.g., Sturniolo v. Sheaffer, Eaton, Inc.,* 15 F.3d 1023, 1025-26 (11th Cir.

1994); *cf. Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992, 1010 (11th Cir.

1982).

## II. ALABAMA AGE DISCRIMINATION ACT

The Alabama Age Discrimination Act became law on August 1, 1997.  The state Act

mirrors its federal predecessor, making it unlawful for an Alabama "employer, employment

agency, or labor organization [to] discriminate in employment against a worker 40 years of

age or over in hiring, job retention, compensation, or other terms and conditions of

employment."  Ala. Code § 25-1-21 (1975) (2000 Replacement Vol.).  The Alabama Act

expressly adopts the "statutes of limitations [of] . . . the federal Age Discrimination in

Employment Act," but then goes on to state explicitly that there are no administrative

prerequisites to filing suit.

> Any employment practice authorized by the federal Age Discrimination in
> Employment Act shall also be authorized by this article, *and the remedies,*
> *defenses, and statutes of limitations under this article shall be the same as*
> *those authorized by the federal Age Discrimination in Employment Act except*
> *that a plaintiff shall not be required to pursue any administrative action or*
> *remedy prior to filing suit under this article.*

Ala. Code § 25-1-29 (emphasis supplied).[7]

---

[7] In full, the statute reads as follows:

**§ 25-1-29.  Election of remedies.**
　　Any person aggrieved may elect to pursue their remedies under Title VII of the Civil

Defendant contends that, in Alabama, a non-deferral state, a plaintiff must institute an action based upon the state age discrimination statute within 180 days of the alleged, unlawful employment practice.

> In effect, the [Alabama Age Discrimination Act ("AADA")] has taken the statement, "If an individual fails to assert his claim *by filing a charge* within 180 days of the adverse employment action, his lawsuit will be dismissed as a matter of law," and simply removed the words "by filing a charge." The other statutes of limitation found in the ADEA are irrelevant [when construing the AADA,] because they are at issue only <u>after</u> the individual has filed an EEOC charge, a requirement that AADA has expressly eliminated. Therefore, the appropriate limitations period for the asserting of [sic] of an AADA claim, as several courts in this District have held, is 180 days.[8]

Significantly, plaintiff has offered no alternative interpretation.[9]

---

Rights Act of 1964 as amended, and the Age Discrimination in Employment Act, 29 U.S.C. Section 621 or in the alternative bring a civil action in the circuit court of the county in which the person was or is employed for such legal or equitable relief as will effectuate the purposes of this article. However, if an action is brought in the federal court, any action pending in the state court shall be simultaneously dismissed with prejudice. Further, any party bringing action under this section shall only be entitled to one recovery of damages. Any damages assessed in one court will offset any entitlement to damages in any other state or federal court. In any action, a person shall be entitled to a trial by jury of any issue of fact in any action for recovery of amount owed as a result of a violation of this article, regardless of whether equitable relief is sought by any party in the action. Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article, and the remedies, defenses, and statutes of limitations under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.

[8] Doc. no. 7 (defendant's brief in support of motion to dismiss), at 6 (<u>underscored</u> emphasis in original, *italicized* emphasis added) (citing *Gipson v. Bruno's Supermarket, Inc.*, No. CV-02-B-1066-S, slip op. at 1 n.1 (N.D. Ala. Feb. 24, 2003) (Blackburn, J.) (overruling the same judge's prior holding in *Dooley v. AutoNation USA Corp.*, 218 F. Supp. 2d 1270, 1276-77 (N.D. Ala. 2002) (Blackburn, J.) (finding that the Alabama Age Discrimination Act was "silent as to the limitations period applicable to plaintiff's claim," and applying Alabama's "general," two year statute of limitations, Ala. Code § 6-2-38)); *Griffin v. Dillard's, Inc.*, No. CV-01-C-1170-W, slip op. at 8-9 (N.D. Ala. Feb. 3, 2003) (Clemon, C.J.) (finding that "plain meaning" of last sentence is that the 180-day limitations period of the ADEA "is incorporated" into the Alabama Age Discrimination Act); *Jones v. Dillard's Inc.*, CV-00-N-3647-W (N.D. Ala. May 31, 2002) (Nelson, J.)).

[9] By order entered April 2, 2003 (doc. no. 6), this court directed the parties to file briefs addressing

As best this court has been able to ascertain, all other courts that have addressed the question of the statute of limitations applicable to claims based upon Alabama's Age Discrimination Act have focused upon the last sentence of Alabama Code § 25-1-29, which provides that:

> Any employment practice authorized by the federal Age Discrimination in Employment Act shall also be authorized by this article, *and the remedies, defenses, and statutes of limitations under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act except that a plaintiff shall not be required to pursue any administrative action or remedy prior to filing suit under this article.*

Ala. Code § 25-1-29 (1975) (2000 Replacement Vol.) (emphasis supplied). *See Gipson v. Bruno's Supermarket, Inc.*, No. CV-02-B-1066-S, slip op. at 1 n.1 (N.D. Ala. Feb. 24, 2003) (Blackburn, J.) (overruling the same judge's prior holding in *Dooley v. AutoNation USA Corp.*, 218 F. Supp. 2d 1270, 1276-77 (N.D. Ala. 2002) (Blackburn, J.) (finding that the Alabama Age Discrimination Act was "silent as to the limitations period applicable to plaintiff's claim," and applying Alabama's "general," two year statute of limitations, Ala. Code § 6-2-38)); *Griffin v. Dillard's, Inc.*, No. CV-01-C-1170-W, slip op. at 8-9 (N.D. Ala. Feb. 3, 2003) (Clemon, C.J.) (finding that "plain meaning" of last sentence is that the 180-day limitations period of the ADEA "is incorporated" into the Alabama Age Discrimination Act); *Robinson v. Regions Financial Corporation*, 242 F. Supp. 2d 1070, 1076-78 (M.D. Ala. 2003) (Thompson, J.) (finding statute of limitations for state law age discrimination claim to be 450 days, or within the time period that a timely, parallel, ADEA claim is filed,

---

the applicable statute of limitations no later than April 22, 2003. Plaintiff failed to do so.

whichever is longer); *Jones v. Dillard's, Inc.,* No. CV-00-N-2646-W, slip op. at 28-29 (N.D.

Ala. May 31, 2002) (Nelson, J.) (finding the applicable statute of limitations to be, at the

longest, the 180-day statute of limitations present in the ADEA), *aff'd in part, rev'd and*

*vacated in part, and question certified,* 331 F.3d 1259 (11th Cir. 2003) (certifying question

of applicable limitations period for Alabama Age Discrimination Act claim to the Supreme

Court of Alabama).

United States District Judge Myron H. Thompson recently considered the question of

the applicable limitations period for a claim filed under the Alabama Age Discrimination Act

in *Robinson v. Regions Financial Corporation,* 242 F. Supp. 2d 1070 (M.D. Ala. 2003).

Rejecting the approach of another judge of this court, who found the limitations period to be

180 days, Judge Thompson wrote:

> under *Jones* [*v. Dillard's, Inc.,* No. CV-00-N-2646-W (N.D. Ala. May 31,
> 2002) (Nelson, J.), *aff'd in part, rev'd and vacated in part, and question
> certified,* 331 F.3d 1259 (11th Cir. 2003)] a plaintiff who files a complaint
> with the EEOC and then waits for a right-to-sue letter before filing suit would,
> in most, if not almost all, instances, still make her FedADEA claims but have
> her AlaADEA claims barred by *Jones*'s 180-day statute of limitations. This
> is because the 180-day period does not truly reflect the time period an
> employee with a FedADEA claim has to file suit, that is, the time between the
> allegedly discriminatory act and the deadline to get her day in court; indeed,
> because an employee with such a claim must first exhaust her administrative
> remedies, she typically would be prohibited from filing a lawsuit so quickly
> after the allegedly discriminatory act. The 180-day period reflects only the
> time the employee has to initiate administrative proceedings and does not
> include the additional 180 days the EEOC has to consider the claim and the
> additional 90 days thereafter the employee has to file a lawsuit. Thus, *Jones*
> . . . ignores the AlaADEA's requirement that its statute of limitations be the
> same as that in the FedADEA.

*Robinson,* 242 F. Supp. 2d at 1077. Judge Thompson then charted a new course, finding that

> an employee would have a viable AlaADEA claim if she filed that claim either (a) within the time period that a timely parallel FedADEA claim is filed or (b) within 450 days of the act of discrimination, whichever is longer. The 450-day period is based on the 180 days the EEOC has to act on the charge or issue a right to sue letter, plus the 90 days the employee has thereafter to file a lawsuit. . . .

> Under this scheme, if an employee has a timely parallel federal claim, she would also have a timely state claim even if the federal claim took more than 450 days to get to court; this result appears to be intended in the AlaADEA's language tying the AlaADEA's statute of limitations to that of the FedADEA. But if the employee has no parallel timely federal claim, she would still have, at the least, the period of time that a hypothetical employee with a federal claim would have to investigate the facts, seek legal advice, weigh and consider the merits of the claim, and even negotiate with the employer, before triggering the time and expense of a lawsuit.

> In addition, while this scheme is perhaps not perfect, it rewards an employee for filing an EEOC charge with a potentially longer period to file her state-law claim, but does not require her to do so; it also appears to meet the AlaADEA's plain language by tying the AlaADEA's statute of limitations to the FedADEA's without requiring an employee to exhaust any administrative remedies. While this solution appears to this court to be correct, ultimately, however, this issue must be resolved by the Alabama Supreme Court.

*Id.* at 1078.

Most recently, the Eleventh Circuit acknowledged doubt as to how the question of the period of limitations for Alabama Age Discrimination Act claims should be resolved, stating:

> On its face, the [Alabama Age Discrimination Act] provides that it has the same statute of limitations as the ADEA. The ADEA, however, has two such limiting periods: 180 days and 90 days. Under the ADEA, a plaintiff has 180 days from the occurrence of the allegedly unlawful practice to file a charge of age discrimination with the EEOC. Once a plaintiff has received notice that the EEOC has dismissed the charge, she has 90 days to file her suit. 29 U.S.C. § 626(d)(1) and (e). Thus, the ADEA's statutes of limitations are

intertwined with its administrative requirements.

> Because of how the limitations operate in the ADEA, it is difficult, if not impossible, to transfer them to the [Alabama Age Discrimination Act]. For example, does a plaintiff have to file suit under the [Alabama Age Discrimination Act] within 90 or 180 days of the allegedly unlawful conduct, or does a plaintiff received a combined total of 270 days to file suit? Even if a plaintiff were given 270 days, this would still not be the same amount of time given a plaintiff under the ADEA because, under the ADEA, the 90 days do not begin to run until the plaintiff has received notice from the EEOC that a claim has been dismissed, 29 U.S.C. § 626(e); *Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000). Alternatively, does the state default rule apply? As shown here, we can only guess as to whether the statute of limitations precludes [plaintiff's] [Alabama Age Discrimination Act] claim.

*Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1269 (11th Cir. 2003). The Eleventh Circuit accordingly certified the question of the applicable limitations period for Alabama Age Discrimination Act claims to the Supreme Court of Alabama. *Id.*

Ultimately, however, the resolution of this question has little practical effect in the circumstances of this action, where plaintiff asserts both federal and state law age discrimination claims, because the Alabama statute clearly states that "any party bringing action under this section shall *only* be entitled to *one recovery of damages*." Indeed, in this court's view, an employee should not, under the plain meaning of the statute, have "parallel" state and federal claims; rather, she should have one or the other, but certainly not both. This reading of the statute is supported by the provision for dismissal with prejudice of a claim pending in state court upon the filing of a federal action, the provision that "any party bringing action under this section shall only be entitled to one recovery of damages," and the offset of damages assessed in one court against entitlement to damages in any other state or

federal court. Ala. Code § 25-1-29. The only remedies available under the Alabama Age Discrimination Act are those available under the ADEA. As defendant succinctly remarks, "the purpose of the Act is to provide an alternative basis for asserting an age discrimination claim without the 'hassle' of filing an administrative charge with the EEOC."[10]

Even so, nothing in the statute mandates the dismissal of a *state law age discrimination claim* brought in *federal court* in conjunction with an ADEA claim. *See, e.g., Wallace v. Jim Walter Homes, Inc.*, 68 F. Supp. 2d 1303, 1303 (M.D. Ala. 1999) (Thompson, J.) (defendant's contention that state law discrimination claims should be dismissed with prejudice because the Alabama statute required claimants to elect between state and federal causes of action, making simultaneous pursuit of state and federal claims impossible was too broad a reading of statute).

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's state law age discrimination is due to be denied. In the event that the Supreme Court of Alabama answers the question certified by the Eleventh Circuit during the pendency of this action in such a manner that plaintiff's state law claim would be time-barred, defendant may renew its motion to dismiss that claim. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

---

[10] Doc. no. 7 (Brief in Support of Motion to Dismiss Claim Under Alabama Age Discrimination Act), at 5.

DONE this ___28th___ day of January, 2004.

_____
United States District Judge

15