FILED
2006 Apr-18  PM 12:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LAURA GUNN,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **Case No.: 03-CV-0357-VEH** |
| | } | |
| **TARGET  CORPORATION,** | } | |
| | } | |
| **Defendant.** | } | |
| | } | |
| | } | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This Court has before it the February 09, 2006, motion for reconsideration (Doc. 73) of Defendant Target Corporation ("Defendant").  After consideration of the standards governing a motion for reconsideration as applied to the present motion, the Court concludes that the Defendant's motion is due to be **DENIED**.

### I.  Procedural History

Plaintiff Laura Gunn commenced this action on February 19, 2003, by filing a complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq</u>., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. **§**621**,** <u>et seq</u>., and the laws of the State of Alabama, specifically, the Alabama Age Discrimination in Employment Act, Ala.

1

Code §25-1-20 et seq.  Plaintiff specifically alleged that she was discharged because of her sex, in violation of Title VII, and age, in violation of the ADEA and the Alabama Age Discrimination Act.  The Defendant filed a motion for summary judgment on April 22, 2004.  This Court issued a memorandum opinion (Doc. 71) and order (Doc. 72) denying the Defendant's motion for summary judgment in its entirety.  The Defendant has filed a motion for reconsideration (Doc. 73).

## II.  Standard of Review

A district court has plenary power over an interlocutory order and the power to reconsider, revise, alter, or amend it.  Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11ᵗʰ Cir. 2000) (citations and internal quotations omitted).

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. See United States v. Bailey, 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003); Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992); Spellman v. Haley, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). Indeed,  as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest

injustice." <u>Summit Medical Center of Alabama, Inc. v. Riley</u>, 284 F.Supp.2d 1350, 1355 (M.D.Ala. 2003).

It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." <u>Rossi v. Troy State University</u>, 330 F.Supp.2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[1]  Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." <u>Mays v. U.S. Postal Service</u>, 122 F.3d 43, 46 (11th Cir. 1997); <u>see also</u> <u>Russell Petroleum Corp. v. Environ Products, Inc.</u>, 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on <u>Mays</u> to deny motion to reconsider where movant advanced several new arguments); <u>Coppage v. U.S. Postal Service</u>, 129 F.Supp2d 1378, 1379-81 (M.D. Ga. 2001) (similar).[2]  <u>See also</u> <u>Richards v. United States</u>, 67 F.Supp.2d 1321,1322 (M.D.Ala. 1999) (same).

---

[1]  Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected.  <u>See</u> <u>Lazo v. Washington Mutual Bank</u>, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); <u>American Marietta Corp. v. Essroc Cement Corp.</u>, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

[2]  This discussion is lifted almost verbatim from Judge Steele's opinion in <u>Gougler v. Sirius Products, Inc.</u>, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  <u>See</u> Fed.R.Civ.P.60(b); <u>Caisse Nationale de Credit Agricole v. CBI Industries, Inc.</u>, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."); <u>Summit Medical Center of Alabama, Inc. v. Riley</u>, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.").  The grant or denial of a motion to reconsider is left to the discretion of the district court.  <u>See</u> <u>Chapman v. AI Transport</u>, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

## III.  Analysis

The Defendant moves the Court to determine whether Plaintiff Gunn has established the fourth and final element of her prima facie case of discrimination in order to determine whether summary judgment is proper.  In its memorandum opinion, the Court found that a genuine issue of material fact existed as to the third element of Plaintiff's prima facie case, whether she was qualified to perform the job for which she was rejected.  Memorandum Opinion, at 40-41.  The Court did not address the fourth element of the prima facie case, that the defendant replaced

Plaintiff with someone outside of the protected class, or the defendant treated similarly-situated employees outside the protected class more favorably. Memorandum Opinion, at 39. "Although a plaintiff's burden in proving a prima facie case is light, see Isenbergh v. Knight-Ridder Newspaper Sales, Inc., 97 F.3d 436, 439 (11th Cir. 1996), cert.denied, 521 U.S. 1119, 117 S.Ct. 2511, 138 L.Ed.2d 1014 (1997), summary judgment against the plaintiff is appropriate if he fails to satisfy any one of the elements of a prima facie case." Turlington v. Atlanta Gas Light Co., 135 F.3d 1428 (11th Cir. 1998); See also E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265 (11th Cir. 2002)(plaintiff must initially establish a prima facie case of discrimination). The Defendant is accurate that the Court should have determined whether Plaintiff satisfied all elements, including the fourth element, of the prima facie case before denying summary judgment. Reconsideration is appropriate to avoid manifest injustice.

The Defendant asserts that Plaintiff Gunn's claims fail because she cannot demonstrate that she was either replaced by, or treated less favorably than, a similarly-situated younger or male employee. See Def. Brief, at pp. 37-45; Def. Reply Brief, at pp. 7-12. Contrary to the Defendant's assertion, the Court did not in its memorandum opinion distinguish all of Plaintiff's alleged comparators as not being similarly situated or otherwise as not being proper comparators. Plaintiff

5

Gunn asserts that she was treated less favorably than Mitch Hendrix, Phillip Maples, Anthony Grant, Terry Degraffenreid, James Free, James Rice, Derrick Sherrill, Kent Johnson, Reginald Corbitt, Patricia Mallory, Shirley Shruggs, Marchas Williams, and Derek Crowell. "The comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079 (11th Cir. 2004); See also Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001). The Court finds that Anthony Grant, Derrick Sherill, Kent Johnson, Reginald Corbitt, Patricia Mallory, Shirley Shruggs, Marchas Williams, and Derek Crowell are not proper comparators and similarly situated to Plaintiff Gunn.

The Defendant provided evidence that Anthony Grant is not a proper comparator because he was not a probationary employee during 2002 when Plaintiff Gunn was a probationary employee. Anthony Grant had completed his probationary period. In contrast to probationary employees, whose productivity is reviewed on a weekly basis, non-probationary employees' productivity is reviewed for monthly trends. Derrick Sherrill and Terry Degraffenreid are not proper comparators because corporate failed to assign them proper ID numbers for tracking their productivity. Therefore, the Defendant was missing data for their probationary period because their productivity was not tracked. Kent Johnson is

6

not a proper comparator because he took on the additional assignment of replenishing the Inbound department with supplies, such as calculators and box knives. The Defendant provided evidence that when a teammate takes on an additional duty, the Group Leader deducts the time so that the extra assignment does not impact on the teammate's percentage of standard productivity. The Defendant provided evidence that Group Leader Burger neglected to deduct the extra time, and it affected Johnson's productivity negatively. (Def. Ex. E, ¶ 16).

Reginald Corbitt, Patricia Mallory, Shirley Scruggs, Marchas Williams, and Derek Crowell are not proper comparators. The Defendant neglected to complete either a 75 day or a 90 day evaluation for Corbitt, Mallory, Scruggs, Williams, and Crowell until after they had completed their 90 day probationary period. Once a probationary employee completes their 90 days, they are subject to the Defendant's Corrective Action policy, which is a progressive disciplinary policy. The Defendant provided evidence that even if a teammate is not performing up to expectations, if the Defendant neglects to complete a 90 day review during the first 90 days, the Defendant cannot terminate the teammate for failing to complete the 90 day period and the Defendant instead is required to proceed under the Corrective Action policy (to administer any discipline or termination). (Def. Ex. B, ¶ 5; Def. Ex. E, ¶ 11).

7

Mitch Hendrix and Phillip Maples are not proper comparators.  Plaintiff Gunn alleges that Hendrix and Maples were treated differently than she because their trucks were easier to unload.   The Defendant provided evidence that warehouse workers in the Inbound department are assigned to teams and these teams are then assigned a range of doors from one of the three docks in the department from which to unload trailers for a particular shift.  (Def.Ex.B., pp. 282-283; Def. Ex. E, ¶ 7).  The teams are assigned these ranges of doors through the use of a rotation sheet that is posted on the department bulletin board. (Def.Ex.B, pp. 281-282; Def. Ex. E, ¶ 7).  The teams are rotated through the different docks so that a teammate does not always unload from trailers with the same type of freight mix.   There are different standards set depending on the different type of freight that is being unloaded. (Def. Ex. B, pp. 273-276).  In addition to the Defendant's providing evidence that if freight can be characterized as easier to unload the teammate is required to unload more of it per hour to meet the standard, the Defendant has provided evidence that Hendrix and Maples exceeded the Defendant's productivity expectations for their entire probationary period.  (Def.Ex.G, ¶ 3 & Exs. 3-4; Def. Ex. H, ¶6).

James Free is also not a proper comparator.  During Free's probationary period, Free's wife was hospitalized a number of times for a possible fatal heart

8

condition.  Wagner took into consideration Free's extenuating circumstances when making decisions regarding whether he would complete the probationary period. The Defendant asserts that Wagner would take into consideration extenuating circumstances when making decisions regarding whether any teammate would complete the probationary period.  (Def.Ex.B, p. 163; Def.Ex.H, ¶ 7).

James Rice, a 40 year old male, is a proper comparator.  In contrast to the improper comparators, Rice's productivity was tracked throughout his probationary period and he did not encounter any extenuating circumstances that affected his productivity.  Rice met or exceeded his productivity during the first four weeks of his probationary period.  Rice reached the 100% standard on one occasion during his probationary period.  After reaching the 100% standard in his fourth week, Rice did not break 100% again for the remainder of his probationary period.  Rice's trend line thereafter was as follows: 79.49%, 60.43%, 84.51%, 94.99%, 84.39%, 86.16% and 82.20%.  The Defendant asserts that Rice is not a proper comparator because he met productivity 4 out of the 9 weeks that productivity was tracked, whereas Plaintiff Gunn only met productivity 2 out of 9 weeks.  The Court finds that there is a genuine issue of material fact as to whether Rice is a proper comparator because he met productivity 4 out of the 9 weeks that productivity was, tracked whereas Plaintiff Gunn only met productivity 2 out of 9 weeks.  Plaintiff

produced evidence that productivity information provided by the Defendant for three of the weeks Plaintiff was evaluated was wrong.  Plaintiff asserts that the Defendant intentionally provided inaccurate production information as it relates to her probationary period.  Plaintiff asserts that all of the productivity information is wrong as it relates to her.  Plaintiff contends that because the Defendant inaccurately recorded her weekly productivity for three weeks and did not make a correction until she made the Defendant aware of the inaccurate information and provided the Defendant with copies of her weekly productivity for those periods during discovery, a genuine issue of material fact exists as to whether Rice is similarly situated to Plaintiff Gunn.[3]

---

[3] Assuming Rice is a  proper comparator as it relates to productivity, Rice would be a proper comparator although  he is within the protected class. Under the ADEA, as opposed to Title VII discrimination claims, Plaintiff Gunn does not necessarily have to show that the employer filled the position with someone outside the protected age group.  The Supreme Court declared in O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308,312, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996) that "the fact that one person in the protected class has lost out to another person in the protected class is [ ] irrelevant, so long as he has lost out because of his age."  The Supreme Court further explained that "the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class." O'Connor, 517 U.S. at 313, 116 S.Ct. at 1310.  The Eleventh Circuit explained in Corbin v. Southland Int'l Trucks, 25 F.3d 1545, 1549 (11th Cir. 1994), two years earlier, that:

> The plaintiff in an age discrimination case may establish a prima facie
> case merely by establishing that his replacement was younger than he
> [but over forty years old], provided that the discrepancy between the
> ages, along with any other relevant evidence, is sufficient that a fact
> finder could reasonably infer age discrimination.

See also Cook v. American General Life and Accident Insur Co., 952 F.Supp.1505 (M.D. Ala. 1996). The Plaintiff has provided evidence that a substantial age discrepancy existed between Rice, a forty year old, and Plaintiff Gunn, a fifty year old.  Therefore, Plaintiff Gunn's age discrimination claim would survive.

Even assuming, however, that Rice is similarly situated to Plaintiff Gunn, the Defendant asserts that Plaintiff Gunn cannot rebut and show that the Defendant's legitimate nondiscriminatory reason for its employment decision is pretextual. The Defendant asserts that it terminated Plaintiff Gunn because she could not meet the Defendant's productivity expectation. Plaintiff has provided evidence that she satisfied all other areas considered by the Defendant as it relates to an employee's qualifications in the Inbound department during their probationary period, including but not limited to, good attitude, good attendance record, awareness of safety rules, and teamwork. As noted above, Plaintiff provided evidence that productivity information provided by the Defendant for three of the weeks Plaintiff was evaluated was wrong. Plaintiff contends that because the Defendant inaccurately recorded her weekly productivity for three weeks and did not make a correction until she made the Defendant aware of the inaccurate information and provided the Defendant with copies of her weekly productivity for those periods during discovery, all of the productivity information is wrong as it relates to her. The Court finds that the Plaintiff has presented sufficient evidence to raise a genuine issue of material fact as to whether the Defendant's legitimate non-discriminatory reason is pretextual.

11

**IV.  Conclusion**

For the reasons set forth above, the Defendant's motion for reconsideration

is **DENIED**.

**DONE** and **ORDERED** this 18th day of April, 2006.


_____

**VIRGINIA EMERSON HOPKINS**
United States District Judge